JOHN H. PERLEE, RESPONDENT, v. ROBERT C. JEFFCOTT, APPELLANT.

Submitted December 2, 1915—Decided June 6, 1916.

1. When the performance of a contract depends on the continued existence of a given person or thing, a condition is implied that impossibility of performance arising from the perishing of the person or thing shall excuse the performance.

2. The owner of a farm gave an option to buy for one year. Five hundred dollars was paid the owner in cash and a note was given him payable in a year for the same amount. Prior to the expiration of the year, the barn, which added substantially to the value of the premises, was struck by lightning and destroyed; the prospective vendee reclaimed the cash paid and failed to pay the note. *Held*, that the cash could not be reclaimed and recovery could not be had on the note.

On appeal from the Somerset Circuit.

On August 30th, 1913, Perlee, by writing under his hand and seal in consideration of $500 cash and a promissory note for $500 payable September 1st, 1914, gave and granted to Jeffcott an option to purchase a farm.

In case the option was not exercised by Jeffcott, and all its terms complied with, the note was to be paid at maturity. If Jeffcott purchased the premises, the $1,000 paid, represented by the cash and the note, was to be credited on the purchase price. On August 20th, 1914, the barn, which added substantially to the value of the premises, was struck by lightning, and with other outbuildings was totally destroyed. There is a suggestion in the case that the option was extended for two days, from September 1st, 1914, but no proof that this extension was by mutual agreement, or that it was anything more than the voluntary act of Perlee. On September 2d, Jeffcott demanded the return of the cash and the note. On September 3d, Perlee, by written notice, offered to extend the option to September 10th and to reduce the purchase price by $2,000 on account of the loss by fire. The defendant had insured the house and premises for $5,000, about two months after the date of the option. This suit was brought on the note in January, 1915, and Jeffcott counterclaimed the cash he had paid. The trial judge gave judgment for the plaintiff for the amount of the note and also on the counter-claim.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and BERGEN.

For the respondent, *James L. Griggs*.

For the appellant, *Hugh K. Gaston*.

The opinion of the court was delivered by

SWAYZE, J.   The only ground upon which the cash paid by Jeffcott may be reclaimed is that there was a total failure of consideration.   The consideration in a legal sense was Perlee's promise to keep the offer to sell open for a year.   It was the promise, not the performance.   The offer itself was a continuing offer, open to Jeffcott's acceptance at any time, and Perlee's promise was partially performed.   Jeffcott has had the benefit of the option and Perlee has suffered the detriment of being unable to sell or mortgage or lease his property for nearly the whole year.   What has happened has been not a total failure of consideration, but an inability to perform, due not to any fault of either party, but to an act of God.   The contract was for the conveyance of a specific thing, the farm and premises upon which Jeffcott resided.   Both parties, undoubtedly, contemplated the conveyance of the buildings as an essential part of the premises.   The destruction of the barn made this impossible.   Such a contract is to be construed as subject to an implied condition that the parties shall be excused in case before breach performance becomes impossible from the perishing of the thing without default of the contractor.   *Taylor* v. *Caldwell*, 3 *B. & S.* 826, 834.   In that case, Mr. Justice Blackburn said:   "The principle seems to us to be that, in contracts in which the performance depends on the continued existence of a given person or thing, a condition is implied that the impossibility of performance arising from the perishing of the person or thing shall excuse the performance."   Taylor *v.* Caldwell is the leading case. It has been approved by our Court of Errors and Appeals in *Middlesex Water Co.* v. *Knappman Whiting Co.*, 64 *N. J. L.* 240 (at *p.* 252), and was there recognized as an exception to the rule.   It has been followed and applied under varying states of fact in several cases growing out of contracts made in view of the proposed coronation of Edward VII., which

was postponed on account of his illness. *Elliott* v. *Crutchley* (1903), 2 *K. B.* 476; *affirmed* (1904), 1 *Id.* 565; *Herne Boy Steamboat Co.* v. *Hutton* (1903), 2 *Id.* 683; *Krell* v. *Henry* (1903), *Id.* 740; *Civil Service Co-operative Society* v. *General Steam Navigation Co.* (1903), *Id.* 756.

We think, therefore, that the trial judge was right in giving judgment for the plaintiff on Jeffcott's counter-claim to recover the cash paid.

The same reasoning leads us to think he was wrong in giving judgment against the defendant for the amount of the note. This note was not due when the performance of the contract became impossible by reason of the fire. Both parties were excused from further performance. Jeffcott was excused from payment of the note as Perlee was excused from his promise to keep the option open for the whole year. The option provided that the note when paid should be credited on account of the purchase price of the farm. Since the farm could no longer be conveyed in the condition contemplated by the parties, the contract in this respect could not be carried out. There should have been judgment for the defendant in the claim on the note.

The judgment must be reversed, but without costs, and the record remitted for a new trial.